UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRITTANY B.,

                            Plaintiff,

v.                                                           CASE # 20-cv-07037

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

LAW OFFICES OF KENNETH HILLER           KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                            ANTHONY J. ROONEY, ESQ.
6000 North Bailey Ave                              SAMANTHA J. VENTURA
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               KATHRYN L. SMITH, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II    KATHRYN S. POLLACK, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.    RELEVANT BACKGROUND**

   **A.    Factual Background**

Plaintiff was born on May 13, 1991 and has at least a high school education. (Tr. 214, 220). Generally, plaintiff's alleged disability consists of herniated discs, arthritis and a cyst on the left leg. (Tr. 213). Her alleged onset date of disability is December 13, 2014. (Tr. 220).

   **B.    Procedural History**

Plaintiff protectively filed an application for Title XVI benefits on April 19, 2018. (Tr. 170-180). Plaintiff's application was denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 2, 2020, plaintiff appeared before ALJ Dale Black-Pennington. (Tr. 32-59). On February 4, 2020, ALJ Dale-Pennington issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 11-29). On October 9, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   **C.    The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since April 19, 2018, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and obesity (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: The claimant can only stand and walk for a total of two hours in an 8-hour workday. She can sit for six hours in an 8-hour workday. She can occasionally climb ramps and

   stairs, but she can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on May 31, 1991 and was 26 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.1569 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 19, 2018, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-29).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff asserts the ALJ improperly evaluated opinion evidence because he found the opinion of Dr. Toor persuasive but did not adopt all of the assessed limitations. (Dkt. No. 12 at 13 [Pl.'s Mem. of Law).

### B.     Defendant's Arguments

Defendant responded that the RFC finding is supported by substantial evidence, including assessments by the physicians of record. Dkt. No. 13 at 10 [Def.'s Mem. of Law]).

### III.  RELEVANT LEGAL STANDARD

####   A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

4

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.  ANALYSIS

Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ found Dr. Toor's opinion persuasive even though it includes moderate limitations in sitting which is inconsistent with the RFC for sedentary work[1]. (Dkt. 12 at 13). Plaintiff contends that the ALJ found other opinions persuasive that likewise were inconsistent with the RFC making it unclear

---

[1] Plaintiff's arguments only pertain to the physical impairments and limitations. As such, the Court will also only focus on the evidence and issues pertaining to the physical impairments.

how the ALJ determined plaintiff could perform light work. (*Id.* at 15). The Court has considered this argument and, for the reasons discussed below, finds it without merit.

On May 25, 2018, Dr. Toor examined the plaintiff at the request of the State agency and issued an opinion regarding functional abilities. (Tr. 596). He concluded plaintiff had a moderate to marked limitation in standing, walking, bending, lifting, and carrying. (Tr. 598). Dr. Toor additionally opined plaintiff's pain interfered with her balance, and she had moderate limitations sitting for a long time. (Tr. 599). The ALJ noted that the opinion supported an RFC for an eroded range of light work activity with some postural limitations. (Tr. 24). ALJ Dale-Pennington then proceeded to appropriately discuss the supportability and consistency of the opinion in detail:

> Dr. Toor's opinion is well-supported by her own personal observations during the consultative examination. Her spinal limitations were apparent during the examination, which demonstrated generally consistent findings with her other treating source examinations within the record. The consultative examination was limited in scope, as the claimant would not perform tests and maneuvers that she frequently engaged with treating providers. However, her physical difficulties are consistently related in Dr. Toor's opinion, which is medically consistent with the opinions of the claimant's treating surgeon Dr. Capicotto and his assistant PA Sonders, which are discussed in detail below and also demonstrate her ability to perform some work activity. Thus, the supported and medically consistent opinion of examining physician Dr. Toor is persuasive in support of the residual functional capacity. (Tr. 24).

To be sure, in deciding a disability claim, an ALJ is tasked with weighing all of the evidence available to make an RFC finding that is consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). Furthermore, an ALJ's conclusion need not perfectly correspond with any of the opinions of medical sources cited in his decision. *Id.* It is also well settled that the ALJ is not required to formulate the RFC by adopting any one medical opinion in its entirety. *See William M. v. Comm'r of Soc. Sec.*, No. 1:19-CV-1665-DB, 2021 WL 3077885, at *4 (W.D.N.Y. July 21, 2021) (explaining that determination of the RFC is not a medical determination but an administrative finding which is reserved to the Commissioner, and "the ALJ's

conclusion need not perfectly correspond with any of the opinions of medical sources cited in his decision, because the ALJ is entitled to weigh all of the evidence available to make an RFC finding that is consistent with the record as a whole" (alterations, citations, and quotations omitted)); *Janet L. K. v. Saul*, No. 1:20-CV-0725 (GTS), 2021 WL 2592899, at *4 (N.D.N.Y. June 24, 2021) ("The ALJ need not adopt opinions in their entirety, but may instead adopt only those portions that she finds to be consistent with the record as a whole."). Accordingly, to the extent plaintiff's argument rests on the fact that the ALJ did not adopt the entirety of limitations included in the medical opinion of record, that argument is contrary to established law and remand is not required on that basis.

Furthermore, Courts have held that moderate exertional limitations are not inconsistent with light work. *See, e.g., See Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014); *White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (consultative physician's opinion that plaintiff had moderate limitations in standing, sitting, and performing "other activities" supported RFC for light work); *Garcia v. Comm'r*, No. 21-CV-01230 (SDA), 2022 WL 4234555, at *15 (S.D.N.Y. Sept. 14, 2022) (noting that "moderate limitations in, *inter alia*, standing, walking and bending do not preclude performance of light work"); *Gasperini v. Comm'r of Soc. Sec.*, 2022 WL 970522, at *7 n.4 (S.D.N.Y. Mar. 31, 2022) (opinion that claimant had "moderate limitation for sitting, standing, walking, climbing stairs, lifting, and carrying" was "consistent with the requirements of light work"); *Gerry v. Berryhill*, 17-CV-7371 (JS), 2019 WL 955157, at *3 (E.D.N.Y. Feb. 26, 2019) ("Courts within this Circuit have held that opinions of similar 'mild to moderate limitations' support RFC findings that claimants are capable of 'light work.' " (internal citation omitted) (collecting cases)); *Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) ("moderate limitations ... are frequently found to be

consistent with an RFC for a full range of light work") (collecting cases); *Harrington v. Colvin*, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (collecting cases where courts have "not consider[ed] an opinion assessing moderate limitations for sitting, standing and walking inconsistent with a determination that the claimant can perform the requirements of light or medium work").

In compliance with the regulations, plaintiff filed her claim on April 19, 2018, therefore the new regulations for evaluating opinion evidence were applied.[2] Indeed, the ALJ found the opinion of Dr. Toor persuasive but appropriately considered the record as a whole when formulating the RFC. As evidenced above, the ALJ fully discussed the factors of supportability and consistency. *See* 20 C.F.R. § 416.920c(b)(2) (supportability and consistency are the most important factors in determining persuasiveness of medical opinions), (c)(1) (the more relevant evidence and supporting explanations presented by a medical source in support of an opinion, the more persuasive the opinion will be), (c)(2) (the more consistent a medical opinion is with other evidence in the record, the more persuasive the medical opinion will be). In addition to the opinion of Dr. Toor, the ALJ considered evidence from Dr. Peter Capicotto, an orthopedic surgeon, and physician's assistant (PA) Leslie Sonders, State agency physician Dr. A. Saeed, independent medical examiner and orthopedic surgeon Dr. Carr, and plaintiff's course of treatment, examination findings and activities. (Tr. 19-26). Dr. Saeed reviewed the evidence of record and opined plaintiff could occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, sit for six hours and stand and/or walk for two hours in an eight-hour workday. (Tr. 23-24, *referring to* Tr. 73-75). Additionally, Dr. Saeed found that plaintiff could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (Tr. 24; *see* Tr. 74). The ALJ again complied with

---

[2] Revised regulations regarding the evaluation of medical evidence apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

the new regulations and assessed that Dr. Saeed provided a thorough explanation of what evidence was relied on in determining plaintiff's limitations, and that Dr. Saeed's opinion was consistent with the evidence of record including plaintiff's examination findings and activities. (Tr. 24; *see* Tr. 75; 20 C.F.R. § 416.920c(c)(1),(2) (supportability and consistency factors)).

The ALJ also considered the opinion of Dr. Carr, who examined plaintiff in March 2016, and opined plaintiff could perform a light-duty job that did not involve running, jumping, working at heights, or lifting more than 20 pounds. (Tr. 24-25; *see* Tr. 543-47). The ALJ found Dr. Carr's opinion was somewhat persuasive, as it was largely consistent with Dr. Saeed's assessment; however, the ALJ also concluded that the record supported greater limitations in walking, standing and postural limitations. (Tr. 25). The fact that the ALJ imposed more restrictive limitations is also not a basis for remand. *See Angelia J. v. Comm'r of Soc. Sec.*, No. 19-cv-00272, 2021 WL 2715801, at *3-4 (W.D.N.Y. July 1, 2021) (rejecting the plaintiff's argument that remand was required because the ALJ did not fully adopt any particular medical opinion, and explaining that "[t]he inclusion of postural limitations represented a more restrictive RFC than assessed by the treatment providers at ECMC," which "[wa]s not cause for remand as alleged by plaintiff"). As discussed above, the ALJ need not afford any medical opinion specific evidentiary weight, as long as the decision explains the persuasiveness of each opinion by considering the supportability and consistency factors, which the ALJ did with all opinions, including the statements from Dr. Carr. *See* 20 C.F.R. §§ 416.920c(a), (b)(2).

In support of the RFC, that ALJ permissibly considered plaintiff's treatment records which repeatedly showed normal functioning and strength. (Tr. 25-26; *see* Tr. 362-63, 368, 392, 396). *See Wright v. Berryhill*, 687 F. App'x 45, 48 (2d Cir. 2017) (physical examination findings, including normal strength and intact sensation supported the RFC assessment for light work).

9

Lastly, the ALJ appropriately considered plaintiff's activities of daily living, such as chores, childcare, shopping, driving, and attending church. (Tr. 20; *see* Tr. 41, 51, 223-28, 596-97). Plaintiff also was able to return to full-time work as a customer service representative in June 2019 (Tr. 24-25). *See, e.g.*, *Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (the ALJ properly considered the claimant's reported daily activities, such as walking her dog and cleaning her house, in support of an RFC finding); *Teresa G. v. Comm'r of Soc. Sec.,* No. 20-CV-0816-MJR, 2021 WL 1559177, at *6 (W.D.N.Y. Apr. 21, 2021) (the ALJ reasonably considered plaintiff's ability to do routine activities, work part-time, and evidence of normal examination findings to determine that she could perform her past relevant light work).

Plaintiff's assertion that the ALJ erred in not discussing a notation from Dr. Capicotto's May 2018 report, which stated plaintiff was unable to work for several days at a time, is not error requiring remand. (Tr. 372). An ALJ is not required to discuss every piece of evidence to indicate it was considered. *Brault*, 683 F.3d at 448; *see also Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) (an ALJ is not required "explicitly to reconcile every conflicting shred of medical testimony").

In sum, plaintiff has presented no medical evidence of functional limitations greater than those found by the ALJ. The ALJ properly considered the totality of the evidence including the opinions and medical evidence in the record when determining the RFC and substantial evidence supports the ALJ's RFC determination. *See Danielle S. v. Comm'r of Soc. Sec.*, No. 1:20-cv-1013-DB, 2021 WL 2227913, at *7 (W.D.N.Y. June 2, 2021) ("While Plaintiff may disagree with the ALJ's RFC finding, Plaintiff has not shown that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record.").

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is

**GRANTED**.

Dated: November 14, 2022　　　　　　　　　*J. Gregory Wehrman*
Rochester, New York　　　　　　　　　　　　HON. J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge